GORDON v. GRAY et al.

No. 10617.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 17, 1951.

Decided Nov. 15, 1951.

Gerald D. Morgan, Washington, D. C., with whom Leonard J. Calhoun and Eugene Emerson, Washington, D. C., were on the brief, for appellant.

Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty., at the time the brief was filed, and Ross O'Donoghue and Joseph F. Goetten, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellees. Charles M. Irelan, Washington, D. C., who was appointed U. S. Atty. subsequent to the argument in this case, also entered an appearance for appellees.

Before EDGERTON, PRETTYMAN and BAZELON, Circuit Judges.

PER CURIAM.

Appellant Gordon brought a civil action for mandamus to require appellee Government officials to supply him with copies of certain papers. He was an officer in the Army and had been arrested and confined for a time without charges being preferred or a court martial ordered. An Army regulation [1] provides that under such circumstances a copy of all papers will be sent to the officer arrested or confined. Subsequently appellant's Army records were corrected to show an honorable separation from duty, eligibility for promotion from Lieutenant Colonel to Colonel, and that the revocation of his reserve commission was erroneous; he was given an honorable discharge and the reserve commission to which he was entitled. In his motion to dismiss this appeal as moot, appellee Witsell (for whom his successor in office, Bergin, has since been substituted) showed that, in a civil action for slander brought by appellant in the District Court in connection with these same matters, an official of the War Department took the witness stand and testified as to the contents of the papers here involved, in so far as they did not involve matters affecting national security. Thus is appears that all substantive objectives which could be served by a writ of mandamus have been served. The action is therefore moot.

1. Army Regulation 600–355, par. 6b, promulgated July 17, 1942.

Appellee Gray resigned from office, and his successor was not substituted as a party. The action is therefore dismissed as to Gray on that ground. Appellee Witsell also resigned from office, but the action was maintained against his successor.[2]

Dismissed.

2. Fed. Rules Civ. Proc. rule 25(d), 28 U.S.C.A.